UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL STEPHENSON,

        Plaintiff,

v.                          Case No. 13-11210

GREEN TREE SERVICING, LLC,      HON. TERRENCE G. BERG
                                             HON. DAVID R. GRAND

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO DISMISS, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff Marshall Stephenson's motion for summary judgment (Dkt. 14), and Defendant Green Tree Servicing's motion to dismiss or for summary judgment (Dkt. 15). The parties have fully briefed both motions, including offering supplemental briefs, and presented oral argument on November 18, 2013.

For the reasons set forth below, it is ORDERED that Plaintiff's motion for summary judgment (Dkt. 14) is DENIED, and Defendant's motion to dismiss is DENIED but its alternative motion for summary judgment is GRANTED IN PART and DENIED IN PART.

## I.    FACTUAL BACKGROUND

**A.**    **Uncontested Facts.**

Plaintiff filed suit on March 19, 2013 against Green Tree Servicing LLC, seeking damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., and the Michigan Collection Practices Act, MCL 445.251 et seq. (Dkt. 21 at 1, Dkt. 23 at 1.)

Defendant is a Delaware Limited Liability Company doing business in Michigan and, for purposes of this action, a debt collector under 15 U.S.C. § 1692a and a collection agency under Michigan Compiled Laws § 445.251(b). (*Id.*)

Defendant acquired the servicing rights for Plaintiff's home loan after Plaintiff initially defaulted on the loan in 2007. (*Id.*) Defendant is a servicer for Plaintiff's loan and does not own the debt. (*Id.*) Plaintiff defaulted on the loan before Defendant acquired the servicing rights. (*Id.*)

Defendant sent written correspondence to Plaintiff on April 15, 2009, requesting payment on a $19,223.25 deficiency balance. (*Id.*) Nearly four years later, Plaintiff sent a written "cease and desist" and request for validation of the debt dated February 25, 2013. (Dkt. 21 at 2, Dkt. 23 at 2.) As a result of an "imaging error," Defendant's representatives nevertheless continued their attempts to contact Plaintiff from a number identified as 651-293-5500. (*Id.*) Defendant's records indicate that it called Plaintiff's phone number 23 times between March 4 and March 19, 2013. (Dkt. 21 at 3, Dkt. 23 at 2.) Phone records provided during the course of discovery show that Defendant's attempts resulted in four connecting phone calls and three actual conversations between Plaintiff and Defendant's representatives, with each conversation lasting approximately one to three minutes. (Dkt. 21 at 3, Dkt. 23 at 3.) While Plaintiff's account history maintained by Defendant reflects attempted phone calls by an automatic dialer, cross-referencing Plaintiff's incoming call information from his phone bill does not indicate that these calls were received by Plaintiff, and as such it appears those calls did not result in actual conversation between the parties. (*Id.*) Connecting phone calls from Plaintiff's phone records indicate that the following

calls occurred: March 5, 2013, 8:07 a.m., 3 minutes; March 16, 2013, 11:04 a.m., 1 minute; March 18, 2013, 8:09 a.m., 1 minute; March 19, 2013, 8:07 a.m., 2 minutes. (*Id.*)

## II.   LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

3

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

### III.  ANALYSIS

The Complaint is not clear, but it appears that Plaintiff has brought the following claims against Defendant: (1) violation of 15 U.S.C. § 1692c(c) by contacting Plaintiff after having received a "cease and desist" letter; (2) violation of 15 U.S.C. § 1692g, subsections (a) and (b), by failing to give Plaintiff the "Mini Miranda" information; (3) violation of 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt the natural consequence of which was to harass, oppress, or abuse Plaintiff; (4) violation of 15 U.S.C. § 1692g(a) by not contacting the Plaintiff within five business days of the initial contact and providing information about the debt and Plaintiff's rights as a debtor; (5) violation of Michigan Compiled Laws § 445.252(n) by using harassing, oppressive, or abusive methods to collect a debt; (6) violation of Michigan Compiled Laws § 445.252(a) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and (7) violation of Michigan Compiled Laws § 445.252(q) by failing to implement a procedure designed to prevent a violation of the Michigan Collection Practices Act by an employee.

Having carefully reviewed the motions and the evidence in the record, and after hearing oral argument from the parties, the Court concludes: (1) that Plaintiff has not established it is entitled to summary judgment on any of its claims; (2) Defendant's motion to dismiss is not properly a motion to dismiss because it requires the Court to review evidence outside of the pleadings, *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); and (3) Defendant is entitled to summary judgment on all but one of Plaintiff's claims. (Dkts. 14, 15, 17, 18, 20–24.)

## A.    Defendant is Entitled to Summary Judgment on the State Law Claims.

The claims identified as numbers 5 through 7 above are the claims brought under state law. Defendant argues that because the Michigan Collection Practices Act prohibits certain activities by "regulated persons," and that "regulated persons" is defined such as to not include Defendant, all claims that Defendant violated that Act must fail to state a claim upon which relief can be granted. (Dkt. 15 at 19.) Plaintiff agreed with Defendant's argument on this issue and "agree[d] not to argue this case to avoid further litigation." (Dkt. 18 at 4.)

Because Plaintiff agreed to waive those claims and offered no argument to rebut Defendant's argument, Defendant's motion for summary judgment is granted as to the state law claims, and those claims are DISMISSED WITH PREJUDICE.

## B.    The Federal Claims.

Plaintiff's Complaint contains allegations of four violations of federal law, which are identified above as numbers 1 through 4.

*1. The Alleged Breach of 15 U.S.C. § 1692c(c).*

Plaintiff's first claim is that Defendant violated 15 U.S.C. § 1692c(c) by contacting Plaintiff after having received a "cease and desist" letter. (Dkt. 1 at 5.) Plaintiff's entire argument as to this point is that Defendant called Plaintiff after having received the "cease and desist" letter, which is a plain violation of the statute. (Dkt. 14 at 6–7.) Defendant concedes that it called Plaintiff after having received the letter, but argues that it is nevertheless not liable for the violation because it was a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error" under 15 U.S.C. § 1692k(c). (Dkt. 15 at 14 (quoting *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 614 (6th Cir. 2009)).) Plaintiff does not appear to offer any argument in response to this defense other than restating his argument that the post-letter calls were plain violations.

Defendant is correct that 15 U.S.C. § 1692k(c) provides a bona-fide-error defense when "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." This defense applies to mistakes of law as well as to clerical errors. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 476 (6th Cir. 2008). "To qualify for the bona fide error defense, a debt collector must prove by a preponderance of the evidence that: (1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Id.* at 476–77.

6

Defendants argue that they have shown that the violation was unintentional, that the violation was the result of a bona fide error, and that it maintained procedures reasonably adapted to avoid any such error. (Dkt. 15 at 14.) Defendant explains that the calls would not have been made but for a bona fide error made when the letter was received, namely that the letter "was inadvertently, incorrectly imaged into the Defendant's system." (*Id.* at 17.) Because of this inadvertent error, Defendant continued to call Plaintiff even after receipt of the letter. (*Id.*) It continued to make calls to Plaintiff until March 19, 2013, when Plaintiff informed one of Defendant's agents during a phone call that he had sent the letter, at which time they entered the "do not call" notation in Plaintiff's account on Defendant's system. (*Id.* at 14–17.) Defendant also argues that it maintained sufficient procedures to reasonably avoid such error. (*Id.*)

If the evidence in the record showed that this was all there was, the Court would likely be inclined to agree that Defendant was entitled to the bona fide error defense, but there is more.

Plaintiff submitted an affidavit notarized on October 11, 2013, where he notes that he told Defendant's agents on three separate occasions that he sent a "cease and desist" letter and that they should stop calling him. (Dkts. 23-4, 23-5.) Defendant's call records also show that during a March 11, 2013 call, Plaintiff mentioned sending them a letter and the Defendant's agent stated that the calls would continue. (Dkt. 23-4.) Thus, there is evidence that Plaintiff notified Defendant of the mishandled letter more than a week before the calls stopped on March 19, and that numerous calls were made after the notification. While it is true that Defendant's records indicate only that

7

Plaintiff told a Green Tree agent that he sent a letter, and do not expressly indicate that he told them he sent a "cease and desist" letter, Plaintiff avers under oath that he did.

Therefore, even if the Court were to find the Defendant's post-letter calls were an inadvertent violation caused by a bona fide error, the Court cannot find that Defendant would not have been aware of the error until March 19 when there is evidence it was told of the error on March 11. The matter of when Defendant knew or should have known about its error is a disputed issue of material fact, and thus both parties' motions for summary judgment are DENIED as to this claim.

### 2. The Alleged Breach of 15 U.S.C. § 1692g(a) and (b).

Plaintiff's second claim is that Defendant violated 15 U.S.C. § 1692g(a) and (b) by failing to give Plaintiff the "Mini Miranda" information. (Dkt. 1 at 5.) 15 U.S.C. § 1692g requires debt collectors to provide certain information to the debtor within five days of the "initial communication" between the debt collector and the debtor.

Plaintiff argues that Defendant did not comply with the statute's requirements, and Defendant argues that because the "initial communication" occurred in or before 2009, any claims made under 15 U.S.C. § 1692g(a) and (b) are time barred.

Defendant is correct. 15 U.S.C. § 1692k(d) requires that all claims of a violation of the Fair Debt Collection Practices Act must be made within one year of the violation. Because the "initial communication" occurred in or before 2009, any claims regarding the insufficiency of the 2009 communications are time barred. Summary judgment as to this claim is thus GRANTED to Defendant.

### 3. The Alleged Breach of 15 U.S.C. § 1692d.

Plaintiff's third claim is that Defendant violated 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt the natural consequence of which was to harass, oppress, or abuse Plaintiff. (Dkt. 1 at 6.) Here, Plaintiff simply restates his grounds for claiming Defendant violated 15 U.S.C. § 1692c(c), namely that they kept calling him after he sent a "cease and desist" letter. (Dkts. 14 at 13; 18 at 16.) Defendant argues that Plaintiff has not put forth any evidence of a § 1692d violation.

There are six ways in which a debt collector can violate Section 1692d:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a (f) or 1681b (3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. Plaintiff does not offer any explanation for how Defendant's actions violated any of these six provisions, and does not allege any harassment or abusive behavior other than perhaps the making of the phone calls. The number of calls made here—both attempted calls and connections—do not by themselves constitute harassment or abuse. *See Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010

WL 2632562, at *10 (E.D. Mich. June 29, 2010). The Court can find no violation of Section 1692d, therefore summary judgment for Defendant is GRANTED.

*4. The Second Alleged Breach of 15 U.S.C. § 1692g(a).*

Plaintiff's fourth claim is that Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with information about both the debt and his rights as a debtor within five business days of the initial contact. (Dkt. 1 at 6.)

As with the second count, discussed above, 15 U.S.C. § 1692k(d) requires that all claims of a violation of the Fair Debt Collection Practices Act must be made within one year of the violation. Because the "initial communication" occurred in or before 2009, any claims regarding the insufficiency of the 2009 communications are time barred. Summary judgment as to this claim is thus GRANTED to Defendant.

## IV. CONCLUSION

For the reasons set forth above, it is ORDERED that Plaintiff's motion for summary judgment (Dkt. 14) is DENIED. It is FURTHER ORDERED that Defendant's motion to dismiss is DENIED but its alternative motion for summary judgment is GRANTED IN PART and DENIED IN PART. It is FURTHER ORDERED that Plaintiff's first claim, that Defendant violated 15 U.S.C. § 1692c(c) by contacting Plaintiff after having received a "cease and desist" letter, survives, while all the other claims are DISMISSED WITH PREJUDICE.

SO ORDERED.

                                                  s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

Dated: September 8, 2014

**Certificate of Service**

I hereby certify that this Order was electronically submitted on September 8, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>Case Manager